UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RUSSELL J STUTES CONSTRUCTION CO L L C** | **CASE NO. 2:21-CV-02348** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DARRELL GUIDRY ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is "Defendants, Darrell Guidry and Narcissa Guidry's Motion to Remand, with Request for Expedited Consideration, Shortened Briefing Schedule and Sanctions in the Form of Attorney's Fees and Costs" (Doc. 5).

## BACKGROUND

Plaintiff, Russell J. Stutes Construction, LLC filed suit in state court on December 4, 2020, on an open account to collect an unpaid bill for construction services in the amount of $2,022.12 against Defendant Darrell and Narcissa Guidry. Both the Plaintiff and the Guidry Defendants are citizens of Louisiana.

On December 18, 2020, the Guidrys answered the original petition and asserted a third-party demand against their insurer, State Farm Fire & Casualty Company ("State Farm"). The petition alleged that State Farm owed the bill in question for work performed by Russell Stutes Construction for damage caused by Hurricane Laura.

The case proceeded in state court and was set for trial for October 1, 2021;[1] a Motion for Partial Summary Judgment is currently set for hearing on August 30, 2021.[2]

On August 5, 2021, State Farm filed a Notice of Removal based on diversity jurisdiction.[3] The Guidry Defendants filed the instant Motion to Remand and proposes that State Farm's tactic is to delay paying a claim it clearly owes and attempts to remove the suit from a court that clearly possesses subject matter to a court that lacks jurisdiction. Defendants contend that State Farm's intention is to be immune from any judgment because any judgment in a court which lacks jurisdiction is null, void and unenforceable. See *Plains Commerce Bank v. Long Family Land and Cattle Company, Inc.,* 128 S.Ct. 27019, 554 U.S. 316 (2008).

## **LAW AND ANALYSIS**

Defendants move to immediately remand this case to the Fourteenth Judicial District Court due to lack of this Court's subject matter jurisdiction, specifically lack of diversity citizenship, insufficient amount in controversy, and absence of any federal question presented. Defendants also maintain that the removal is procedurally defective, and that jurisdiction is lacking because State Farm violated 28 U.S.C.A. 1359 by paying off or settling the main demand (without involvement of Defendants) in an improper attempt to create federal subject matter jurisdiction where none would otherwise exist.

---

[1] Defendant's exhibit 2.
[2] Defendant's exhibit 1.
[3] 28 U.S.C. § 1332.

*Diversity of Citizenship*

Russell Stutes Construction and Plaintiffs are citizens of Louisiana thus it appears from the face of the Complaint that the Court lacks subject matter jurisdiction due to lack of diversity. See *e.g., McLaughlin v. Miss. Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004).

Diversity of citizenship depends on the state of things at the time the action is brought by the original plaintiff. *Grupo Dataflux v. Atlas Global Group, L.P.,* 124 S.Ct. 1920 (2004). Moreover, events subsequent to the filing of the original complaint neither destroy federal jurisdiction, (See *St. Paul Mercury Indem. Co., v. Red Cab Co.,* 58 S.Ct. 586 (1938), nor create it. *Grupo Dataflux, supra,* citing *Mollan v. Torrance,* 22 U.S. 537 (1824).

In *Home Depot U.S.A., Inc. v. Jackson,* 139 S.Ct. 1743 (2019), a case involving a counter-claim defendant, the Supreme Court reasoned as follows:

> Home Depot emphasizes that it is a "defendant" to a "claim," but the statute refers to "civil action[s]," not "claims." This Court has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court. See *Mexican Nat. R. Co. v. Davidson,*157 U.S. 201, 208 15 S.Ct.. 563 (1895); *Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 461 14 S.CT. 654 (1894). This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction. *E.G., Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.* 463 U.S. a, 10, 103 S.Ct. 2841 (1983); cf. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 831, 122 S.Ct. 1889 (2002) ("[A] counterclaim … cannot serve as the basis for 'arising under' jurisdiction"); § 1446(c)(2) (deeming the 'sum demanded in good faith in the initial pleading … the amount in controversy"). Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action. And because the "civil action … of which the district cour[t]" must have original jurisdiction" is the

action as defined by the plaintiff's complaint, "the defendant" to that action is the defendant to that complaint, not a party named in a counterclaim. It is this statutory context, not "the policy goals behind the [well-pleaded complaint] rule," *post,* at 1763, that underlies our interpretation of the phrase "the defendant or the defendants."

*Home Depot,* 139 S.Ct. at 1748.

The *Home Depot* decision clearly holds that whether original jurisdiction exists depend on whether the original plaintiff's operative complaint could have been filed in federal court because of federal jurisdiction or diversity of citizenship.

The Court finds that diversity of jurisdiction is lacking in this case; Plaintiff's original operative complaint could not be filed in federal court.

*Lack of Federal Question*

Defendants maintain that 28 U.S.C. § 1359 removes federal court jurisdiction where a party or parties collusively enter into a transaction to create federal court jurisdiction where it would not otherwise exist. Defendants refer to State Farm's payment on the main demand without the involvement of Defendants in an attempt to create federal jurisdiction. See *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.,* 934 F.Supp. 209 (E.D. La. 2009). In *Walk Haydel,* the third-party defendant paid off the main demand even though the original plaintiff had no direct claim against the third-party defendant. The court concluded that the matter must be remanded under 28 U.S.C. § 1359.

Section 1359 provides:

> A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

The purpose of § 1359 is "to prevent the manipulation of jurisdictional facts where none existed before—for example, through collusive assignments from a non-diverse party to a diverse party." *Nolan v. Boeing Co.,* 919 F.2d 1058, 1067 (5th Cir. 1990), *cert. denied,* 499 U.S. 962, 111 S.Ct. 1587 (1991); C. Wright and A. Miller, *Federal Practice and Procedure* § 3637 ("the general rule is that a party cannot manufacture diversity that would not otherwise exist."). Section 1359 applies to situations of collusive jurisdiction created "by assignment or otherwise." *Walk Haydel,* 934 F.Supp. at 212. Section "1359 clearly applies to any agreement or transaction devised to manufacture jurisdiction, including settlement agreements." *Id.* The Court finds that State Farm's payment to Russell Stutes Construction violates 28 U.S.C. § 1359.

*Procedural Defect*

Defendants maintain that State Farm's removal is procedurally defective because States Farm, a third-party defendant, is not a "defendant" for purposes of the removal statute, 28 U.S.C. § 1441. See *Home Depot, supra*. In *Home Depot*, the Supreme Court concluded that a third-party defendant is not a defendant for purposes of the removal statute, 28 U.S.C. § 1441.

Defendants submit that even though the main demand has been dismissed, State Farm's removal is improper because only the original defendants may remove cases to federal court. See also this Court ruling in *Clements Construction, LLC, v. Bienvenue,* Civ. Action 2:21-1545.

Considering that State Farm is not a defendant of the original complaint, therefore it cannot remove this case. The Court finds that State Farm's removal is procedurally defective.

*Attorney's Fees*

Defendants move for attorney's fees regarding State Farm's frivolous removal of a lawsuit to this Court which clearly lacks jurisdiction. Specifically, Defendants request that the Court impose sanctions against State Farm in the form of actual expenses, costs and attorney fees as a result of its improper and frivolous removal under the dictates of 28 U.S.C. 1447. See *Ryan v. Calcasieu Parish Police Jury,* 2019 WL 5607143 (W.D.La. 2019) and *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538 (5th Cir. 2004).

This Court is not inclined to grant Defendants' request for sanctions against State Farm at this time. However, this is State Farm's second frivolous removal of the Hurricanes Laura and Delta cases. See *Clements Construction LLC v Bienvenu, et al,* Civ. Action 2:21-1545. On July 2, 2021, the undersigned issued a Memorandum Ruling and Order[4] in *Clements*, specifically finding that State Farm's removal was improper for lack of subject matter jurisdiction. The *Clements* case also involved a construction company seeking payment on an unpaid account with the defendant filing a third-party demand against State Farm and asserting State Farm's failure to pay for all or part of the claims asserted in the Petition on Open Account.

---

[4] Docs. 13 and 14.

Here, State Farm has paid off and/or settled the claim made by Russell Stutes Construction against the original Defendants. More significantly, State Farm, a third-party defendant has filed an improper Notice of Removal which violates the binding, controlling United States Supreme Court precedent in *Home Depot* which holds that third-party counter-claim defendants are not "defendants" for purposes of the removal statute. Consequently, State Farm cannot remove a case to federal court because it is not the "original defendant" to plaintiff's original complaint. Let this Ruling serve as a warning to State Farm that this type of tactical maneuvering will not be tolerated in the future.

## CONCLUSION

For the reasons set forth hereinabove,

**IT IS ORDERED** that the Motion to Remand is hereby **GRANTED**, Defendants' request for sanctions is **DENIED,** and this matter is hereby **REMANDED** to the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

**THUS DONE AND SIGNED** in Chambers on this 20th day of August, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**